# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NAKITIA MOORE, | ) |
|  | ) |
|  | ) Civil Action No. |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MILLIMAN, INC and | ) |
| UNITED HEALTHCARE | ) |
| SERVICES, INC. | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Nakitia Moore ("Plaintiff"), by and through her undersigned counsel hereby files this Complaint against Defendants Milliman, Inc. ("Milliman") and United Healthcare Services, Inc. ("UHS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and in support thereof alleges as follows:

## THE PARTIES

1.      Plaintiff Nakitia N. Moore is an adult individual residing  in Goodlettsville, Tennessee.

2.      Defendant Milliman is a  consumer reporting agency operating under the brand Milliman IntelliScript which is registered to conduct business in Pennsylvania and regularly conducts business within this judicial district.

3.      Defendant UHS is a healthcare data furnisher which is registered to conduct business in Pennsylvania and regularly conducts business within this judicial district.

**JURISDICTION & VENUE**

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq..

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) & (2) because Defendants possess sufficient contacts with this District to be deemed to reside here.

**FACTUAL ALLEGATIONS**

6. Plaintiff is a "consumer" as that term is defined by the FCRA under 15 U.S.C. § 1681a(c).

7. Milliman is a "consumer reporting agency" as that term is defined by the FCRA under 15 U.S.C. § 1681a(f)..

8. UHS is a "furnisher of information" as that term is used under the FCRA, 15 U.S.C. § 1681s-2(b).

9. In September 2025, Plaintiff applied for life and disability insurance policies with Illinois Mutual Life Insurance Company ("Illinois Mutual").

10. On or about Sep 18, 2025, Illinois Mutual issued formal notices to Plaintiff completely declining and taking adverse underwriting action on her insurance applications.

11. Illinois Mutual confirmed that the sole, substantial factor driving the denial was negative medical history appearing in a consumer report compiled and sold by Defendant Milliman erroneously indicating that Plaintiff suffered from Chronic Obstructive Pulmonary Disease ("COPD").

12. Upon requesting her file disclosure from Milliman on Oct 13, 2025, Plaintiff discovered

that Milliman was publishing highly damaging, factually false medical history details furnished by UHS, Plaintiff's healthcare insurance provider, reflecting claims that were made for COPD disease management equipment and falsely stated that Plaintiff was diagnosed with COPD (the "inaccurate information").

13. Upon information and belief, Plaintiff believes the inaccurate information to be related to her husband, who in fact has COPD.

14. Plaintiff disputed the inaccurate information in November 2025 with Milliman  by following Milliman's established procedures for disputing  information.

15. Plaintiff's dispute included a letter from her doctor explicitly confirming that Plaintiff does not have COPD, possesses zero clinical instances of COPD in her primary records.

16. Plaintiff also advised Milliman that her husband suffered from COPD.

17. Upon information and belief, Milliman forwarded Plaintiff's dispute to UHS.

18. Milliman negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes by, *inter alia*, failing to conduct any investigation at all, failing to review and consider information submitted by Plaintiff, failing to contact healthcare providers who submitted the claims, and failing to properly discern whether the information submitted by UHS was verifiable or if its database contained errors.

19. UHS also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from Milliman, *inter alia*, by failing to conduct any investigation at all, failing to properly review and consider information submitted by Plaintiff, failing to review its records to confirm that the claims related to Plaintiff's husband, or to take any statement from Plaintiff regarding the incident, and failing to provide Plaintiff with

information about the incident so she could meaningfully respond to the allegations.

20.    On Dec 11, 2025, Milliman sent Plaintiff correspondence indicating that it would not remove all the disputed records and signaling its intent to continue publishing the inaccurate information.

21.    Both Defendant Milliman and Defendant UHS negligently, recklessly, and willfully failed to complete a timely, thorough, and reasonable investigation into the data items disputed by Plaintiff.

22.    Defendants failed to verify the underlying medical truth of the records, ignored conclusive documentation supplied directly by the primary treating physician, failed to cross-reference basic clinical identity criteria, and left false clinical information active in the file.

23.    As a direct result of Defendants' willful and negligent actions, Plaintiff has lost the ability to purchase insurance, suffered  harm to her reputation and emotional distress, lost considerable hours trying to resolve the errors, and remains blocked from securing essential coverage.

### COUNT I - MILLIMAN
### VIOLATIONS OF THE FCRA

24.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.    Milliman violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Plaintiff as described above. 15 U.S.C. § 1681e(b).

26.    Milliman also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

27.    The conduct of Milliman was a direct and proximate cause and/or substantial factor in

causing the injuries to Plaintiff as described above.

28.     As a result of the violations of the FCRA by Milliman identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT II – UHS
## VIOLATIONS OF THE FCRA

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     UHS violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681s-2(b).

31.     The conduct of UHS was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

32.     As a result of the violations of the FCRA by UHS identified herein, Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n, 1681o.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

_____

GREGORY GORSKI
PA Attorney ID: 91365
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: July 21, 2026

6